UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

—————————————————————————————X

'NTONI BASTIANO, nee Sebastiano Della
Universita,

                    Plaintiff,

      -against-

GERARD VAIRO, Jr., as Pres. of LaVaidel
Group Inc., and GEORGE T. HARRELL,
and KENNETH LAKIN,

                    Defendants.

—————————————————————————————X



U.S.D. OFFICE
★ APR 17 2008
TIME A.M.

**MEMORANDUM AND ORDER**
08-CV-522 (ENV)(LB)

**VITALIANO, D.J.**

On January 31, 2008, plaintiff, a resident of Brooklyn, New York, filed this *pro se* action

alleging that the defendants are "engaged in a conspiracy to deprive him of his intellectual

property." Complaint at ¶ II.. Specifically, plaintiff alleges the breach of a contract executed in

Florida regarding the writing of a book about a New York organized crime family. He demands,

as relief, an order of this Court directing defendants to provide him a copy of the copyrighted

book.

By Order dated February 14, 2008, plaintiff's request for injunctive relief was denied and,

although the complaint failed to provide a basis for the exercise of this Court's jurisdiction,

plaintiff was afforded 30 days leave to file an amended complaint. He was advised that any

amended complaint must provide "a basis for the exercise of this Court's subject matter

jurisdiction" and that, if submitted, the amended complaint would be reviewed for compliance

with 28 U.S.C. § 1915 (e)(2)(B) (a district court shall dismiss an *in forma pauperis* action where

it is satisfied that the action is "(i) frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief."). Order at 7.

On March 13, 2008, plaintiff submitted a timely amended complaint. The Court has reviewed the submission and, since plaintiff is proceeding *pro se*, the Court has construed both the complaint and the amended complaint to raise the strongest arguments they suggest. Triestman v. Federal Bureau of Prisons, 470 F.3d 471, 474 (2d Cir. 2006). However, since "subject-matter jurisdiction, because it involves the court's power to hear a case, can never be forfeited or waived," United States v. Cotton, 535 U.S. 625, 630 (2002), plaintiff's submissions at the threshold must still provide a basis for this Court's subject matter jurisdiction.[1] They fail to do so.

The amended complaint makes no attempt to satisfy the amount in controversy requirement as noted in the Court's earlier order, nor, beyond the plaintiff's own home address, does it inform the Court as to any geographical basis for potential diversity jurisdiction. And even if the complaint is construed broadly as invoking the Court's subject matter jurisdiction by raising a copyright claim, plaintiff has failed to state that he owns a valid copyright or demonstrate how defendants infringed on his copyright as this Court directed that he do in its February 14, 2008 order. Accordingly, the action must be, and hereby is, dismissed without prejudice. Fed. R. Civ. P. 12(h)(3).

---

[1] Federal courts "have an independent obligation to determine whether subject matter jurisdiction exists, even in the absence of a challenge from any party." Arbaugh v. Y & H Corp., 546 U.S. 500, 514 (2006) (citing Ruhrgas AG v. Marathon Oil Co., 526 U.S. 574, 583 (1999)). When a federal court concludes that it lacks subject matter jurisdiction, the court must dismiss the complaint in its entirety. Id., see also Fed. R. Civ. P. 12(h)(3).

Intending no comment on the merits of any state law claims raised by plaintiff, the Court notes that the dismissal of this action does not foreclose the pursuit of such claims in an appropriate state court.

Finally, the Court certifies pursuant to 28 U.S.C. §1915(a)(3) that any appeal from this order would not be taken in good faith and therefore *in forma pauperis* status is denied for purpose of an appeal. Coppedge v. United States, 369 U.S. 438, 444-45 (1962).

The Clerk of the Court is directed to close this case.

**SO ORDERED.**

_____
Eric N. Vitaliano
United States District Judge

Dated: Brooklyn, New York
April 15, 2008